IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYRONE ANDERSON,<br><br>Petitioner,<br><br>v.<br><br>BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE,<br><br>Respondents.[1] | ) | C.A. No. 22-1069 (GBW) |

---

Tyrone Anderson. *Pro se* Petitioner.

Sean P. Lugg, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

April 22, 2025
Wilmington, Delaware

1 The Court has substituted Warden Brian Emig for former Warden Robert May, an original party to the case. *See* Fed. R. Civ. P. 25(d).

Williams, District Judge:

Petitioner Tyrone Anderson is an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware. Anderson filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, a Memorandum of Law in Support of the Petition, and an Amended Memorandum of Law in Support of the Petition. (D.I. 1; D.I. 2; D.I. 12) The State filed an Answer asserting, among other arguments, that the Petition is time-barred. (D.I. 15) Anderson filed a Reply. (D.I. 18) For the reasons discussed, the Court dismisses the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

> [Anderson] was found guilty and convicted of a number of criminal offenses following a Superior Court jury trial in November of 2017 based upon a series of drug-dealing related incidents which took place in the spring and summer of 2016.
>
> The State offered [Anderson] a plea deal based on his charges, but Anderson rejected the plea deal and chose to proceed with trial instead. [Anderson] was represented by attorney Brian J. Chapman ("Trial Counsel") prior to and during his trial.
>
> The evidence which the State presented at trial established that New Castle County Police Detective John Mancuso ("Det. Mancuso") was part of an undercover investigation into a drug dealing operation involving [Anderson] during the Spring and Summer of 2016. On four separate occasions during this period, Det. Mancuso contacted [Anderson] both directly and through an informant and arranged to meet [Anderson] for the purpose of

> exchanging money for illegal drugs. All of these meetings were captured on audio recordings, and two of the meetings were videotaped by officers conducting surveillance. Over the course of these meetings, Det. Mancuso bought over 1,100 bags of heroin from [Anderson].
>
> The jury ultimately returned a guilty verdict against Anderson based on this and other evidence presented at trial. In total, [Anderson] was convicted of four counts of Drug Dealing (both Tier 1 and Tier 2), four counts of Aggravated Possession of Heroin, [o]ne count of Attempted Possession of Heroin (as a lesser included offense), and one count of Second Degree Conspiracy. [Anderson]'s counts for Aggravated Possession of Heroin were merged with the counts for Drug Dealing at the time of sentencing.

*State v. Anderson*, No. 1608006981, 2021 WL 1424302, at *1 (Del. Super. Ct. Apr. 12, 2021) (footnote omitted). Anderson was found guilty on November 13, 2017, and sentenced on January 12, 2018. (D.I. 13-1 at 11, Entry Nos. 59, 60, 62; D.I. 13-3 at 116-122). Anderson appealed and his trial counsel filed a no-merit brief. *See Anderson*, 2021 WL 1424302, at *1. The Delaware Supreme Court affirmed the judgement on December 4, 2018. *See Anderson v. State*, 198 A.3d 721 (Table), No. 72, 2018, 2018 WL 6344697 (Del. Dec. 4, 2018); D.I. 13-1 at 13, Entry No. 77.

On June 27, 2019, Anderson filed a *pro se* letter requesting modification of his sentence to allow him to have contact with his sister. (D.I. 13-1 at 13, Entry Nos. 80, 81) The Delaware Superior Court granted this request by Order dated July 23, 2019. (D.I. 13-1 at 14, Entry Nos. 83, 84). Thereafter, on September 16,

2019, Anderson filed a *pro se* Motion for Postconviction Relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 Motion"). (D.I. 13-1 at 14, Entry. No. 85) The Court appointed Patrick J. Collins to represent Anderson and granted leave to amend the original Rule 61 Motion. *See Anderson*, 2021 WL 1424302, at *1. Collins ultimately "found no meritorious claims for postconviction relief" and submitted a Motion to Withdraw as postconviction counsel in June of 2020. *See id.* Edward C. Gill, Esq. filed his entry as substitute counsel and filed an Amended Motion for Postconviction Relief ("Amended Rule 61 Motion") on December 11, 2020. *See id.*

The Delaware Superior Court denied the Rule 61 Motion and Amended Rule 61 Motion on April 12, 2021. *See id.*; D.I. 13-1 at 19, Entry No. 112. Anderson appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment on October 27, 2021. *See Anderson v. State*, 264 A.3d 628 (Table), No. 128, 2021, 2021 WL 5023363, at *1 (Del. Oct. 27, 2021); D.I. 13-1 at 20, Entry No. 116. Anderson thereafter filed a petition for writ of certiorari, which the United States Supreme Court denied on February 22, 2022. *See Anderson v. Delaware*, 142 S. Ct. 1160 (2022).

On August 15, 2022, Anderson filed the instant Petition. (D.I. 1) In his Petition and Memoranda in Support thereof, Anderson asserts the following four claims for relief: (1) ineffective assistance of trial counsel ("IATC") for failing to

object or seek modification of a protective order (D.I. 1 at 5; D.I. 2 at 10-11; D.I. 12 at 9-10, 13); (2) IATC for failing to object to a certain witness statement that allegedly violated "the Confrontation Clause, hearsay and DRE 404" (D.I. 1 at 7; D.I. 2 at 10; D.I. 12 at 9, 14-15); (3) IATC for failing to request a *Flowers*[2] hearing to determine the identity of a confidential informant (D.I. 1 at 8; D.I. 2 at 12-13; D.I. 12 at 11-12, 16-17); and (4) IATC for failing to request *Deberry*[3] hearing regarding an audio recording malfunction (D.I. 1 at 10; D.I. 2 at 11-12; D.I. 12 at 10-11, 18-20).

## II. ONE YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and 'to further the principles of comity, finality, and federalism.'" *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

2 *State v. Flowers*, 316 A.2d 564 (Del. Super. Ct. 1973).

3 *Deberry v. State*, 457 A.2d 744 (Del. 1983).

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(2) (statutory tolling); *Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021) (recognizing that *McQuiggin v. Perkins*, 569 U.S. 383 (2013), established actual innocence exception to AEDPA's statute of limitations).

Anderson does not assert, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of limitations began to run when Anderson's convictions became final under § 2244(d)(1)(A). Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day period allowed for seeking certiorari review. *See Gonzalez v. Thaler*, 565

U.S. 134, 150 (2012); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Anderson's convictions on December 4, 2018, and he did not seek review by the United States Supreme Court. As a result, his judgment of conviction became final on March 4, 2019. Applying the one-year limitations period to that date, Anderson had until March 4, 2020, to timely file a habeas petition.[4]

Anderson, however, did not file the instant Petition until August 15, 2022, more than two years after the March 4, 2020 deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Anderson makes a gateway showing of actual innocence. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and

4 The Court notes that 2020 was a leap year; however, that does not change the determination of Anderson's one-year limitation period. AEDPA's limitation period is calculated according to the anniversary method, such that the limitations period expires on the anniversary of the triggering date regardless of the presence of a leap day. *See Gibbs v. May*, C.A. No. 18-1756-LPS, 2022 WL 4132878, at *2, n.2 (D. Del. Sept. 12, 2022); *see also Wilson v. Beard*, 426 F.3d 653, 662-63 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period).

pending before the expiration of AEDPA's limitations period. *See* 28 U.S.C. § 2244(d)(2); *Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See id.* at 424. The limitations period, however, is not tolled during either the pendency of or the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state postconviction motion. *See Lawrence v. Florida*, 549 U.S. 327, 332, 337 (2007) (holding AEDPA limitations period not tolled during pendency of petition for writ of certiorari seeking review of denial of state postconviction relief); *Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001) (holding AEDPA limitations period not tolled during ninety days petitioner has to file petition for writ of certiorari from denial of state postconviction motion).

In this case, AEDPA's limitations period started to run on March 4, 2019, ninety days after the Delaware Supreme Court affirmed the judgment of the Delaware Superior Court. The limitations period ran for 114 days until June 27, 2019, when Anderson filed a *pro se* letter to modify his sentence to allow contact

with his sister.[5] The Delaware Superior Court granted the letter request on July 23, 2019, and AEDPA's limitations clock started to run again on July 24, 2019. The clock ran another 54 days until Anderson filed his Rule 61 Motion on September 16, 2019. The Rule 61 motion tolled the limitations period until October 27, 2021, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 Motion. Although Anderson filed a petition for a writ of certiorari in the United States Supreme Court regarding the denial of his Rule 61 Motion, the limitations period is not tolled during the pendency of such a petition. *See Lawrence*, 549 U.S. at 332, 337. Therefore, the AEDPA's limitations period started to run again on October 28, 2021. At this time, 168 (114+54=168) days had run on the clock, with 198 (366–168=198)[6] days remaining. Accordingly, Anderson had until May 13, 2022 to file his Petition. The Petition, however, was not filed until August 15, 2022.

Thus, even after applying the available statutory tolling, the Petition is time-barred, unless equitable tolling applies or Anderson establishes a gateway claim of actual innocence.

---

5 The Court does not need to decide whether the letter request tolls the running of the limitations period because, even if tolled during the pendency of the letter request, Anderson still failed to file his Petition within the one-year limitations period.

6 366 days is used to account for the leap year.

### B. Equitable Tolling

AEDPA's one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272-73 (3d Cir. 2022). To satisfy the diligence prong, a petitioner must demonstrate he has been pursuing his rights with reasonable diligence, a fact-specific inquiry that depends on the petitioner's circumstances. *See Martin*, 23 F.4th at 273. The obligation to act diligently pertains not only to the filing of the federal habeas petition, but also while exhausting state court remedies. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). "The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013).

As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will warrant equitable tolling only if there is "a causal connection, or

nexus, between the extraordinary circumstance[] … and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803.

Anderson does not assert that any extraordinary circumstances prevented him from timely filing his Petition. In his Reply, Anderson included a section titled "Timely [Filing] of the [P]etition." (D.I. 18 at 1) Within that section, Anderson correctly identified December 4, 2018 as the date the Delaware Supreme Court affirmed the judgment of the Delaware Superior Court on direct appeal. (D.I. 18 at 1; D.I. 13-1 at 13, Entry No. 77) He then stated that the "Petition was [filed] on September 16, 2019." (D.I. 18 at 1) September 16, 2019, however, is the date the Rule 61 Motion was filed, not the instant habeas Petition. (D.I. 13-1 at 14, Entry. No. 85) Anderson further asserted that Delaware Superior Court Criminal Rule 61 permits amendment to a motion for postconviction relief any time prior to a response being filed; that no response had been filed prior to the "Amended Petition" being filed; and that the Supreme Court of Delaware did not deny his Rule 61 Motion as time barred. (D.I. 18 at 1) As such, Anderson's arguments appear to relate to the timeliness of his Rule 61 Motion, which is not at issue before this Court. Rather, the issue before this Court is the timeliness of his Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed on August 15, 2022. Even if Anderson's reference to the "Amended Petition" refers to the Amended Memorandum of Law (D.I. 12) filed in the case before this Court, that Amended Memorandum is irrelevant

in calculating whether his Petition was filed within the AEDPA limitations period because the relevant date is the date he filed his original Petition, August 15, 2022.

In his Reply, Anderson also asserted that he filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on February 22, 2022. (D.I. 18 at 1) As indicated above, however, AEDPA's one-year limitations period is not tolled during the pendency of a petition for a writ of certiorari to the United States Supreme Court filed in response to a judgment denying a state postconviction motion. *See Lawrence*, 549 U.S. at 332, 337. Finally, to the extent Anderson's failure to timely file his Petition resulted from a lack of legal knowledge,[7] such circumstances do not warrant equitably tolling the limitations period. *See Ross*, 712 F.3d at 799-800.

Thus, the Court concludes that that the doctrine of equitable tolling is not available to Anderson on the facts he has presented.

### C. Actual Innocence

Finally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin*, 569 U.S at 392; *Wallace*, 2 F.4th at 150-151. "To satisfy the demanding

---

7 Although not raised in his Petition, Memoranda, or Reply, Anderson, in his Motion for Appointment of Counsel, asserted that he has a tenth-grade education and no knowledge of the law. (D.I. 17 at 1)

actual innocence exception, a petitioner must (1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (*i.e.,* a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence." *Wallace*, 2 F.4th at 151. In this case, the actual innocence exception is inapplicable because Anderson does not allege that he is actually innocent.

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts; 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred and does not warrant relief. Reasonable jurists would not find this conclusion to be debatable.

Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the Court dismisses the Petition as time-barred. The Court also declines to issue a certificate of appealability. The Court will enter an Order consistent with this Memorandum Opinion.